In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 18-1197 & 18-1198

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROD HUNT,

*Defendant-Appellant.*

———————————

Appeals from the United States District Court for the
Western District of Wisconsin.
Nos. 0758 3:15CR00079-001 & 0758 3:17CR00046-001
**William M. Conley**, *Judge.*

———————————

ARGUED APRIL 24, 2019 — DECIDED JULY 23, 2019

———————————

Before KANNE, HAMILTON, and ST. EVE, *Circuit Judges.*

HAMILTON, *Circuit Judge*. While on supervised release for failing to register as a sex offender, Rod Hunt robbed a bank in Madison, Wisconsin. He pleaded guilty to bank robbery and brandishing a gun during a crime of violence. 18 U.S.C. §§ 2113(a), 924(c). The district judge revoked his term of supervised release and sentenced him to 172 months in prison followed by three years of supervised release for the new

crimes. Hunt has appealed both the revocation (No. 18-1197) and the new sentence (No. 18-1198), and we have consolidated the appeals. His brief on appeal challenges only two conditions of his new term of supervised release. We affirm on those points in No. 18-1198 because in the district court Hunt waived those two challenges. His brief says nothing about the revocation of his earlier term of supervised release, and at oral argument counsel told us that Hunt has no quarrel with the revocation itself. We therefore dismiss No. 18-1197.

I.   *Background*

Hunt's supervised release began in 2016. He had pleaded guilty to failing to update his sex-offender registration. 18 U.S.C. § 2250. His sentence was 30 days in prison and five years of supervised release. As part of his supervised release, Hunt was prohibited from committing another federal crime.

The following year, Hunt was convicted of robbing a bank. During the robbery, he pointed a gun at people and threatened them verbally as well. He eventually pleaded guilty to the robbery, 18 U.S.C. § 2113(a), and to brandishing a firearm during a crime of violence, § 924(c). He told the judge that, because of his medical problems, the robbery had been an attempt to commit "suicide by cop."

At sentencing, Hunt asked the judge to recall his age (which was 56) and to give him a chance to be released before he dies. The judge gave Hunt a prison sentence totaling 154 months: 70 months for the robbery and 84 months for the § 924(c) gun charge, to be served consecutively. The new prison sentence will be followed by concurrent three-year terms of supervised release. The district court also revoked Hunt's supervised release (on the sex-offender registration

crime) because Hunt committed another federal offense while on supervision. On that revocation, the judge sentenced him to 18 months in prison (to be served consecutively to the sentence for his new crimes) with no additional supervised release.

The new three-year term of supervised release on the bank robbery and firearm convictions came with conditions. The two that Hunt challenges on appeal also were among the conditions of his original term of release that the judge revoked. Critical to our waiver finding, before sentencing, Hunt received in the presentence investigation report all the proposed conditions of supervision. Then, both before and at sentencing, Hunt did not object to any of the proposed conditions, including the two that he now challenges. When the judge noted on the record that Hunt had not objected to any proposed condition of supervised release, Hunt did not disagree. Consistent with this on-the-record acquiescence, when the judge asked Hunt whether he wanted the judge to read the conditions for the record or to justify the conditions individually, Hunt told the judge that he need not do so. Finally, Hunt told the judge at the end of the hearing that there were no other issues to address.

The first challenged condition will prohibit Hunt from leaving "the judicial district in which defendant is being supervised without the permission of the Court or probation officer." The other will require: "As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third

parties." Hunt asks us to excuse his failure to object by finding that it was "plain error" to impose both conditions. The government responds that the first condition is error-free, and that on plain-error review this court should order the district court to clarify the condition requiring Hunt to "notify third parties of risks."

At oral argument, we expressed concern that Hunt seemed to have waived challenges to both conditions of supervised release. Counsel replied that Hunt's failure to object to these conditions in the district court was a "miss" rather than an intentional waiver. Even if Hunt waived his challenges, counsel added, this case is similar to *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014), where we invalidated a condition of supervised release that was unconstitutionally vague despite the defendant's written appeal waiver.

II. *Analysis*

We begin by reviewing the difference between waived arguments and forfeited arguments. Waiver precludes appellate review. See *United States v. Butler*, 777 F.3d 382, 386–87 (7th Cir. 2015). Forfeited arguments may be reviewed for "plain error." See *United States v. Jenkins*, 772 F.3d 1092, 1096 (7th Cir. 2014).

Waiver occurs when a defendant intends (by words or actions) to relinquish a known right. See *United States v. Waldrip*, 859 F.3d 446, 449 (7th Cir. 2017); *United States v. Garcia*, 580 F.3d 528, 541–42 (7th Cir. 2009). In the supervised release context, a strategic choice provides strong evidence of waiver, but the key consideration is a knowing and intentional decision, whether motivated by strategy or not. See *United States v. Flores*, — F.3d —, —, 2019 WL 2847453, at *4 (7th Cir. July 3, 2019)

(in supervised release case, "evidence of a strategic reason not to object in the district court is a sufficient, but not a necessary, ground on which to find waiver"). By contrast, a defendant only forfeits an argument when he fails to assert a right in a timely fashion because of accident or neglect. See *United States v. Burns*, 843 F.3d 679, 685 (7th Cir. 2016).

In criminal cases, we ordinarily construe waiver principles liberally in favor of the defendant. See *Butler*, 777 F.3d at 387. That is why, at times, we have interpreted a defendant's silence in the face of objectionable conditions of supervised release as a forfeiture reviewable for plain error. See, e.g., *United States v. Miller*, 829 F.3d 519, 528–29 (7th Cir. 2016); *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016). And that is also why, when a condition is so vague that it violates a defendant's right to due process of law, as in *Adkins*, we have been willing to overlook even a signed appellate waiver. *See* 743 F.3d at 192–93.

In *Flores*, we recently tried to clarify our approach to waiver and forfeiture in our recent wave of appeals challenging supervised release conditions for the first time on appeal. We held:

> We will find waiver, as we do here, when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object.

— F.3d at —, 2019 WL 2847453, at *6. Our decision in *Flores*
took into account the fact that a defendant can always chal-
lenge a condition of supervised release under 18 U.S.C.
§ 3583(e)(2) at any time, unlike other terms of a sentence. *Id*.
at —, *6.

Those conditions of waiver are all satisfied here. And in
addition to the advance notice and all of the opportunities
Hunt had to raise these issues, Hunt was already subject to
the same conditions that he now wishes to challenge. He
knew that they could be imposed and how they were en-
forced. Hunt also wanted to focus the sentencing decision on
his arguments based on his age and his request to have a
chance to be released before he dies. It can make strategic
sense to focus arguments on such an important issue and not
to risk distracting or perhaps even antagonizing the judge by
nitpicking supervised release conditions. By choosing to pur-
sue one argument and forgoing others, Hunt waived those
other possible challenges. See *United States v. Kennedy*, 726
F.3d 968, 975 (7th Cir. 2013) (pursuit of one guideline objec-
tion amounted to waiver of other guideline issues), citing
*United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005).

In *Flores*, we also noted that we retain the discretion in
compelling cases to overlook a party's waiver of a challenge
to a condition of supervised release, as with a wide range of
other issues. — F.3d at —, 2019 WL 2847453 at *5, discussing
*Adkins*, 743 F.3d at 193 (relieving defendant of appellate
waiver where vague condition of supervised release would
unconstitutionally burden First Amendment rights and "no
reasonable person could know what conduct is or is not pro-
scribed"); see also *United States v. Campbell*, 813 F.3d 1016,
1019 (7th Cir. 2016) (distinguishing *Adkins* where defendant

could have sought clarification in district court and challenged condition did not implicate First Amendment rights or "fundamental legitimacy of the judicial process").

Even if we were to apply plain-error review to the conditions at issue here, we would not find plain error. We start with Hunt's objections to the condition preventing him from leaving the "judicial district." Hunt asserts that "judicial district" is vague, but that is not correct. Defendants can readily and "objectively verif[y]" the boundaries of judicial districts by, for example, consulting 28 U.S.C. § 130(b). *United States v. Hudson*, 908 F.3d 1083, 1085 & n.2, 1086 (7th Cir. 2018) (remanding with instructions that "judicial district" replace "jurisdiction" in written judgment). Moreover, Hunt argues that the lack of a scienter requirement renders the condition vague. But including a scienter requirement, while recommended, is not required, especially where, as here, the defendant does not say that he lives near a district's boundary. See *United States v. Givens*, 875 F.3d 387, 390 (7th Cir. 2017); *United States v. Poulin*, 809 F.3d 924, 931 (7th Cir. 2016).

That leaves the condition requiring Hunt to notify "third parties" of "risks" "occasioned by [his] criminal record or personal history or characteristics." We assume that the condition would benefit from further definition. See *United States v. Canfield*, 893 F.3d 491, 495 (7th Cir. 2018); *Bickart*, 825 F.3d at 841–42. But Hunt has not established that any definitional problem, if uncorrected by us at this time, would jeopardize the fairness, integrity, or public reputation of the criminal proceedings. See *Miller*, 829 F.3d at 530. Hunt retains the right to ask the district court to modify this condition under 18 U.S.C. § 3583(e)(2), either before or during the term of supervised release. If he does so and is disappointed by the result, he may

appeal to this court. In *Flores*, we did not abandon our responsibility to review conditions of supervised release. We instead restored the regular processes of appellate review to challenges to supervised release, which should be raised first in the district courts.

We AFFIRM the judgment in appeal No. 18-1198. We DISMISS appeal No. 18-1197.