| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020
Decided February 24, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2541

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:18-CR-30077-SMY-1 |
| | |
| MARLON P. BUSH, | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

While serving as the director of the public library in East Saint Louis, Illinois, Marlon Bush stole over $48,000 of the library's funds by making personal purchases on its credit cards and paying himself more than his approved salary. He pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and one count of embezzlement, 18 U.S.C. § 666(a)(1)(A). The district court assessed Bush a within-guideline sentence of 12 months' imprisonment and two years of supervised release; the first six months of the latter would be on home detention. The court also ordered that Bush pay restitution of $48,102.86. Bush appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Bush did not respond to counsel's brief, *see* CIR. R. 51(b), which explains the nature of the case

and addresses the potential issues that an appeal of this kind might be expected to involve. Because counsel's brief appears thorough, we limit our review to the subjects that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel represents that he consulted with Bush and confirmed that Bush does not wish to withdraw his guilty plea, so he properly omits discussion of arguments related to the validity of his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Bush could attack the calculation of his guideline sentencing range but properly concludes that doing so would be frivolous. By the time of the sentencing hearing, Bush had withdrawn his objections to the Presentence Investigation Report, and at the hearing, he agreed with the district court's calculations based on the report. *See United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017). And, like counsel, we cannot discern any nonfrivolous challenge to the increase in his base offense level for the amount of the library's loss, U.S.S.G. § 2B1.1(b)(1)(D), or the enhancement for abusing a position of public trust, *id.* § 3B1.3.

Next, counsel discusses whether Bush could argue that imposing home detention as a condition of supervised release was erroneous, but he correctly concludes that the argument would be frivolous. The PSR did not recommend home confinement, but Bush did not object when it was discussed at sentencing—indeed, he suggested splitting his sentence (albeit a shorter one) between imprisonment and home detention—so at most we would review for plain error. *See United States v. Hunt*, 930 F.3d 921, 924 (7th Cir. 2019). As counsel discusses, home detention is a discretionary condition under 18 U.S.C. § 3563(b)(19) that is permitted "only as an alternative to incarceration," which is how it was imposed here. Home detention was also proper under U.S.S.G. § 5C1.1(d) because Bush's sentencing range of 12 to 18 months is among the ranges for which the condition is available, and the duration did not exceed the maximum allowed.

Counsel also considers challenging the other conditions of Bush's supervised release, but he rightly concludes that Bush waived any such arguments. Before sentencing, Bush received the PSR, which set forth the recommended conditions of supervised release, including community service. Bush did not object, and he then affirmatively agreed to those conditions at the hearing, so he cannot challenge them on appeal. *See United States v. Flores*, 929 F.3d 443, 447–48 (7th Cir. 2019).

Counsel next discusses whether Bush could argue that the district court failed to explain his sentence or address his arguments in mitigation, *see Gall v. United States*, 552 U.S. 38, 51 (2007), but he is right that Bush waived those arguments as well. At the end of the sentencing hearing, the judge asked Bush whether he wanted any further explanation of the statutory factors and whether the judge had adequately addressed Bush's arguments in mitigation. Bush responded that the sentence was adequately explained and the arguments in mitigation adequately addressed. *See United States v. Orozco-Sanchez*, 814 F.3d 844, 849 (7th Cir. 2016).

Finally, counsel correctly recognizes that any challenge to the substantive reasonableness of Bush's sentence would also be futile. Bush's 12-month prison sentence is at the bottom of the guideline range (home detention is not imprisonment, *United States v. Elkins*, 176 F.3d 1016, 1020–21 (7th Cir. 1999)), so we would presume it to be reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). That presumption is rebutted if the sentence is unreasonable "when measured against the factors set forth in § 3553(a)." *Id.* Here, the court reasoned that 12 months in prison was sufficient to "send a clear message that public corruption will not be tolerated," while also accounting for "truly mitigating factors" like Bush's insignificant criminal history and that he "appears to pose no risk of violence." And, the district court explained, adding home detention and supervised release reflects the seriousness of Bush's offense, which involved taking resources from "an impoverished community" that is "vulnerable to corruption and routinely taken advantage of by [its] … leaders." On that record, it would be frivolous to argue that Bush's sentence was substantively unreasonable.

We GRANT the motion to withdraw and DISMISS the appeal.