NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 10, 2020
Decided November 20, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1416

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:15CR25-001 |
| CHARLES ST. CLAIR, *Defendant-Appellant*. | Holly A. Brady, *Judge*. |

**O R D E R**

After serving 33 months in prison for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), Charles St. Clair began his first term of supervised release. Eight months later, the district court revoked his release after St. Clair admitted to violating several of its conditions. The court sentenced him to one year in prison and one year of release. Just a month into his second term of supervised release, St. Clair again began violating the conditions of his supervision: As he later admitted, he failed to show up for four random drug tests, did not report to his probation officer seven times, and was convicted of possessing marijuana. At the revocation hearing, St. Clair waived his right to appeal his sentence in exchange for the government's promise to join him in making a non-binding recommendation of 9 months in prison, a recommendation in the middle

of the guidelines range of 6 to 12 months. *See* U.S.S.G. § 7B1.4(a) (recommending sentencing range for defendants who, like St. Clair, have criminal history category of IV and are found to commit Grade C violations). Despite the joint recommendation, the district court sentenced St. Clair to 15 months in prison with no further supervised release.

St. Clair now appeals the sentence, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). A defendant who appeals a revocation order does not have an unqualified constitutional right to counsel, so the *Anders* safeguards need not govern our review. *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). Even so, our practice is to apply them. *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might involve, and St. Clair has not responded to counsel's motion. *See* Cir. R. 51(b). Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first assures us that he consulted with St. Clair about contesting his revocation and the admissions upon which it is based, and St. Clair responded that he does not want to do so. *See Wheeler*, 814 F.3d at 857; *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Thus, counsel properly omitted any discussion of potential challenges to the revocation itself. *See* Wheeler, 814 F.3d at 857.

Counsel next discusses whether St. Clair could reasonably dispute his sentence but concludes that any such challenge would be foreclosed by his broad appeal waiver. In the supervised-release context, like others, waiver occurs when a defendant knowingly and voluntarily relinquishes a known right. *United States v. Hunt*, 930 F.3d 921, 924 (7th Cir. 2019). As counsel explains, at the revocation hearing, where St. Clair was represented by counsel, he twice confirmed that he intended to waive his right to challenge "whatever the court rules" in exchange for the government's non-binding recommendation of 9 months in prison. And he persisted in his desire to relinquish his right to appeal even after the court warned him that it can "impose a term of imprisonment of not more than two years" and that it "is not bound by . . . the Government's recommendation." On that record, we agree with counsel that it would be pointless to challenge St. Clair's appeal waiver as not knowing or involuntary. *See Unites States v. Nelson*, 931 F.3d 588, 591–92 (7th Cir. 2019) (upholding waiver as knowing and voluntary where defendant was represented by counsel and stated that he understood what rights he waived). Moreover, any argument to apply an exception to

the appeal waiver (for a sentence that is above the statutory maximum or based on constitutionally prohibited factors) would be frivolous. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). St. Clair's 15-month sentence fell below the statutory maximums of two years, *see* 18 U.S.C. § 3583(e), and the court did not consider any constitutionally impermissible factors at sentencing.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.