In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2140

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STANFORD WYLIE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:18CR121-001 — **Robert L. Miller, Jr.**, *Judge.*

ARGUED MARCH 3, 2021 — DECIDED MARCH 23, 2021

Before MANION, WOOD, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Stanford Wylie pleaded guilty to possession with the intent to distribute more than 5 kilograms of cocaine. *See* 21 U.S.C. § 841(a)(1). As a result of Wylie qualifying for safety-valve relief under 18 U.S.C. § 3553(f), the district court had the authority to impose a sentence without regard to the statutory minimum. The court did so with regard to Wylie's prison term, but it sentenced him to the statutory minimum of 5 years of supervised release. Because

the district court imposed the term of supervised release under the erroneous belief that it was bound by the statutory minimum, we vacate that portion of Wylie's sentence and remand for the limited purpose of determining it anew.

## I.

### Background

Wylie pleaded guilty to possession with the intent to distribute more than 5 kilograms of cocaine. During a change-of-plea hearing, he admitted that he had been hired to transport drugs and money across the country and that he had made the trip four other times before his arrest. Before his arrest, though, he had never been caught. And although he had a previous arrest for a DUI, he had never been convicted of any crimes.

At Wylie's sentencing hearing, the court adopted the Presentence Investigation Report ("PSR") prepared by the probation office. The PSR noted that Wylie's offense carried a statutory minimum of 10 years to life in prison and at least 5 years' supervised release but that, because he met all of the requirements for the "safety valve," 18 U.S.C. § 3553(f), the court could impose a sentence below the statutory minimum. The PSR calculated a Guidelines range of 90 to 121 months' imprisonment, *see* USSG Ch. 5, Pt. A, and a range of supervised release of 2 to 5 years, *see* USSG § 5D1.2(a)(1). At the hearing, the court corrected a scrivener's error, clarifying that the prison range was 97 to 121 months, but it otherwise adopted the PSR. The court did not explicitly mention the Guidelines range for supervised release. The government did not contest Wylie's eligibility for the safety valve, and the

district court agreed that it could impose a prison sentence below the statutory minimum.

At the conclusion of Wylie's sentencing hearing, and after considering the required sentencing factors, the court determined that the low end of the range (97 months) represented an appropriate prison sentence. As for supervised release, the court proposed sentencing Wylie to 5 years, saying: "The crime of conviction requires that you get a term of supervised release that's at least five years long. I don't see a reason to make it any longer so I would propose to impose that five-year term." The court then asked if "the Defense [had] any legal objection to the proposed sentence," and Wylie's counsel replied, "not at this time." Wylie appeals his sentence, challenging only the term of supervised release.

## II.

### Analysis

To begin, the parties disagree on the proper standard of review. Wylie argues that the district court procedurally erred by concluding that it was bound by the statutory minimum term of supervision and, in an appeal based on procedural error, review should be de novo. *See United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009). The government, however, argues that because the district court asked if Wylie had any legal objections to his sentence and he declined, he forfeited the arguments he now brings.

The government is correct that Wylie forfeited his objection. A defendant forfeits a challenge by accidentally or negligently failing to object in district court. *United States v. Hunt*, 930 F.3d 921, 924 (7th Cir 2019). A party need not take exception to a ruling after the court states definitively it will

take a particular course of action. *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016). But Wylie had to object—to preserve de novo review—when the court announced its view on the statutory minimum term of supervised release before it committed to a sentence (the court said, "I would *propose* to impose that five-year term" followed by, "any legal objection to the *proposed* sentence?") and he failed to do so. *See id.* Because the government does not argue waiver or offer any strategic reason for Wylie's failure to object, however, we can assume that he acted accidentally rather than intentionally. *See United States v. Oliver*, 873 F.3d 601, 607 (7th Cir. 2017).

Wylie's challenge is therefore forfeited and reviewed for plain error. FED. R. CRIM. P. 52; *see Oliver*, 873 F.3d at 610 (failing to object to the court's lack of Guidelines calculation); *United States v. Kirklin*, 727 F.3d 711, 717 (7th Cir. 2013) (failing to object to improper statutory minimum). To show plain error a defendant must demonstrate (1) an error that (2) is clear or obvious, and (3) affected the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732–735 (1993). If Wylie makes that showing, we then have the discretion to reverse if not doing so would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736–37; *United States v. Hopper*, 934 F.3d 740, 766 (7th Cir. 2019).

Here, Wylie argues that the district court erred in two ways: It incorrectly calculated the Guidelines range, and it believed that it was required to impose at least 5 years of supervision. Wylie is wrong on the first point. The district court properly calculated the range for Wylie's supervised release under the Guidelines. The court stated that it was adopting the PSR's calculations. When a district court does

this, and the PSR includes a correct calculation of the supervised release range (as Wylie concedes the PSR here did), we assume the district court was aware of the correctly calculated range. *Oliver*, 873 F.3d at 610–11.

Wylie is correct, however, that the district court erroneously believed that it had to adhere to the statutory minimum term of supervision (at least 5 years), without considering the lower Guidelines range (2 to 5 years). The government points out that the court noted in its statement of reasons that Wylie's range of supervised release was 2 to 5 years. Based on that, the government argues that the court did not believe it was constrained by the 5-year minimum. Even if the statement of reasons included the correct Guidelines range,[1] the court specifically said at the hearing that "[t]he crime of conviction requires that [he] get a term of supervised release that's at least five years long" and that it saw "[no] reason to make it any longer," and these oral pronouncements control. *See United States v. Orozco-Sanchez*, 814 F.3d 844, 847 (7th Cir. 2016). The government argues that these oral statements are ambiguous, but there is nothing ambiguous about the word "requires," and the district court did not mention the possibility of imposing a lower term based on the Guidelines rather than the statutory minimum. The district court believed that the 5-year minimum set the floor even though Wylie, under the safety valve, was permitted a "sentence" without regard to the statutory minimum. *See* 18 U.S.C. § 3553(f); USSG § 5C1.2(a). An application note makes clear that this relief applies to the term of supervised release. USSG § 5C1.2, comment. (n.9). Even without the note, such a conclusion is warranted given our recognition that a sentence

---

[1]  The statement of reasons is not in the record.

is a package that includes supervised release. *See United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016).

Absent unusual circumstances, a district court's mistaken application of an incorrect, higher Guidelines range affects a defendant's substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346–47 (2016). With no indication that the district court would have imposed the same sentence absent the error, we adhere to this presumption. *See United States v. Teague*, 884 F.3d 726, 728 (7th Cir. 2018). Further, because we find that a reversible procedural error occurred, we need not consider the government's argument that the sentence should nonetheless stand because it otherwise falls within a reasonable range. *United States v. Hines-Flagg*, 789 F.3d 751, 757 (7th Cir. 2015).

The error that Wylie identified requires correction because it affects the fairness, integrity, or public reputation of judicial proceedings. The Supreme Court has declared that plain errors in Guidelines calculations affect the legitimacy of the courts because they are of the courts' own making, there is a relatively low cost to correcting them, and the proper application of the Guidelines ensures the fairness of sentencing among defendants. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018). *Rosales-Mireles* involved an error in a prison sentence which, unlike supervised release, cannot be modified except in a few narrow situations. *See United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). But the same reasoning extends to the length of supervised release. We have previously determined that an improper application of the Guidelines resulting in the district court imposing an erroneous supervised release term seriously affected the fairness, integrity, or public reputation of the

proceedings. *See United States v. Goodwin*, 717 F.3d 511, 521 (7th Cir. 2013). We have also found remand necessary when the length of supervision was not adequately explained—and here, the explanation was legally unsound. *See United States v. Quinn*, 698 F.3d 651, 652 (7th Cir. 2012).

The government responds that fairness does not dictate immediate correction because supervised release is flexible and can be modified at any time prior to the expiration of the term or terminated completely after one year. *See* 18 U.S.C. § 3583(e)(1)–(2). In support, it points to *United States v. Lewis*, 823 F.3d 1075 (7th Cir. 2016), in which we were skeptical of remanding erroneously imposed conditions of supervised release. *Id.* at 1080. But this case does not involve *conditions* of supervised release. *See id.* It involves the proper application of the Guidelines, which are meant to promote greater fairness and uniformity across the judicial system. *See United States v. Booker*, 543 U.S. 220, 256, 264 (2005). We also considered in *Lewis* the length of supervision and we declined to remand on that issue only because, despite a minimal explanation, the district court imposed a term of permissible length. *Lewis*, 823 F.3d at 1084. Though Wylie's 5-year term was permissible, too, the district court gave not a minimal explanation, but a legally erroneous one. A legal error generally calls for reversal no matter the standard of review (assuming it is not harmless). *United States v. Yihao Pu*, 814 F.3d 818, 829 (7th Cir. 2016) ("A mistake of law generally satisfies clear error, de novo, or abuse of discretion review.") (quoting *United States v. McMath*, 559 F.3d 657, 663 n.2 (7th Cir. 2009)).

We believe it prudent to allow the district court to reconsider the limited question of what length of supervised

release Wylie requires. We generally "prefer to give the district court the opportunity to reconsider the sentence as a whole" because supervised release is one part of a sentencing package whose parts are meant to work together. *Mobley*, 833 F.3d at 801. But a more limited remand is advisable when the district court's reasoning convinces us that the rest of the sentence would not change. *United States v. Manyfield*, 961 F.3d 993, 997 (7th Cir. 2020) (citing 28 U.S.C. § 2106). As Wylie conceded during oral argument, that is the case here. Although courts may increase the punitive weight of one component of the sentence in response to being more lenient with another, *United States v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015), no such scaled approach occurred here. The district court imposed a long term of supervised release (relative to the Guidelines) because it felt that it had to. And given the court's ample justification for the low-end prison sentence, there is no reason to think that it would have imposed a longer one to offset a shorter term of supervised release.

### III.

### Conclusion

Because the district court plainly erred when it determined the length of Wylie's supervised release term without reference to the Guidelines range, we VACATE that portion of the judgment and REMAND for proceedings consistent with this opinion. Because we have no reason to believe the other components of Wylie's sentence, including his prison term and the conditions of supervised release, need revisiting, the remand is limited to reconsidering the length of supervised release in light of the correct Guidelines range.