In the

# United States Court of Appeals

## For the Seventh Circuit

─────────────

No. 21-3010

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HECTOR CASTANEDA,

*Defendant-Appellant.*

─────────────

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:97-cr-20037 — **Michael M. Mihm**, *Judge.*

─────────────

ARGUED SEPTEMBER 29, 2022 — DECIDED AUGUST 9, 2023

─────────────

Before SYKES, *Chief Judge*, and ROVNER and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Hector Castaneda asks to be resentenced because the district court committed two procedural errors at his sentencing, both related to the court's mistaken belief that statutory mandatory minimum penalties applied to his case. The record supports Castaneda's claims of error, so we vacate and remand to the district court for resentencing.

# I

In 1997, Hector Castaneda was arrested for his role in a large-scale heroin conspiracy. Once released on bond, Castaneda fled the United States, severed all communication with his family in Chicago, and lived as a fugitive in Mexico for over 20 years. He returned to the United States in 2019 and the following year he was rearrested for his 1997 offense. Castaneda entered guilty pleas to two charges: attempt to possess with the intent to distribute more than a kilogram of heroin, and conspiracy to possess with the intent to distribute more than a kilogram of heroin. Penalties for both charges included a statutory mandatory minimum of 10 years' imprisonment and a statutory mandatory minimum of 5 years' supervised release.

At sentencing, the parties agreed that Castaneda qualified for what is known as the "safety valve"—a sentencing provision codified by Congress to ensure that low-level players in large drug organizations are not subject to punishments disproportionate to their criminal conduct. *See* 18 U.S.C. § 3553(f). A defendant is eligible for the safety valve if five criteria are met. The first—related to the sentencing guidelines' system of assigning "points" to prior convictions—requires the court to find that the defendant does not have: (1) more than 4 criminal history points, (2) a prior 3-point offense, and (3) a prior 2-point violent offense. *Id*. § 3553(f)(1). Second, the court must find that the defendant did not use violence, make credible threats of violence, or possess a firearm or dangerous weapon in connection with the underlying offense. *Id*. § 3553(f)(2). Third, the court must find that the "offense did not result in death or serious bodily injury to any person," *id*. § 3553(f)(3), and, fourth, that "the defendant was not an

organizer, leader, manager, or supervisor of others in the offense," *id*. § 3553(f)(4). Fifth and finally, the defendant must have provided the government all the truthful information and evidence the defendant has regarding the offense, before the sentencing hearing. *Id*. § 3553(f)(5). When all five criteria are met, the safety valve kicks in and a sentencing court is obligated to impose a sentence pursuant to the sentencing guidelines *without* regard to any statutory minimums.

Because Castaneda met all of the safety valve requirements, the statutory minimum of 10 years' imprisonment and 5 years' supervised release attached to his offenses no longer applied. The district court was free to impose any sentence within its discretion. However, as we will discuss later, it is not clear at all whether the court understood as much. Ultimately, the court sentenced Castaneda to 12 years in prison and 5 years of supervised release.

Castaneda now appeals, asserting that the district court (1) miscalculated the advisory sentencing guidelines range for his supervised release term, and (2) failed to address his primary arguments in mitigation and explain the rationale for the sentence imposed. Both errors, Castaneda points out, stem from the district court's failure to appreciate that Castaneda qualified for the safety valve and was therefore not subject to any statutory mandatory minimum penalties.

## II

We begin with Castaneda's claim of error regarding his supervised release term. He argues the term is based on a miscalculated advisory sentencing guidelines range. We review de novo procedural challenges to a defendant's sentence, including claims of miscalculated guideline ranges. *United*

*States v. Wylie*, 991 F.3d 861, 863 (7th Cir. 2021). However, if a defendant accidentally or negligently fails to object to an erroneous guideline range, we review for plain error. *Id.*

Before Castaneda's sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report that identified the statutory mandatory minimums for both counts to which Castaneda pleaded guilty. The PSR also noted that Castaneda appeared to meet the safety valve criteria established by Congress, thus requiring the court to impose "a sentence in accordance with the applicable [Sentencing Guidelines] without regard to any statutory minimum sentence."

For the recommended term of supervised release, the PSR concluded that the applicable guideline range was five years to life. On appeal, both parties now recognize that the actual range should have been two to five years, not five years to life. Castaneda entered guilty pleas for two Class A felonies, which carry a recommended supervised release term of only two to five years. *See* U.S.S.G. § 5D1.2(a)(1). However, this can increase when the underlying offense is attached to a statutorily required minimum term that exceeds the recommended guideline range. *Id.* § 5D1.2(c). Ordinarily, Castaneda's convictions would statutorily require a minimum term of five years' supervised release, which would convert the initial recommended two-to-five-year guideline range to a minimum of five years. But, as recognized by all parties, any such minimum penalties should not have applied to Castaneda given his eligibility for the safety valve. Again, the PSR acknowledged that Castaneda satisfied the criteria for safety valve eligibility but nonetheless incorrectly concluded that the

guideline range for Castaneda's term of supervised release was five years to life rather than the usual two to five years.

Although Castaneda objected to a different portion of the PSR,[1] he did not object to the PSR's incorrect guideline range for supervised release. Nor did the government or the district court notice the PSR's mistake. Ultimately, the district court imposed a supervised release term of five years.

The government argues that Castaneda's failure to object to the PSR's miscalculation at his sentencing hearing constitutes waiver, thus precluding appellate review. This argument is unconvincing. "Waiver occurs when a party intentionally relinquishes a known right." *United States v. Hyatt*, 28 F.4th 776, 781 (7th Cir. 2022). We recently and unequivocally held that a "mere failure to object to part of a PSR is not enough to support a finding of waiver." *Id.* at 782. Even if a defendant "repeatedly states that he has no objections to the PSR … those statements are not dispositive." *Id*.

The government attempts to bolster its waiver argument by speculating that Castaneda intentionally failed to lodge objections to the PSR as part of an overarching sentencing mitigation strategy. This argument, too, does not pass muster. "The waiver principle is construed liberally in favor of the defendant and this court is cautious about interpreting a defendant's behavior as intentional relinquishment." *United States v. Hammond*, 996 F.3d 374, 399 (7th Cir. 2021) (cleaned). We must treat Castaneda's failure to object as a forfeiture, meaning the plain error standard of review applies.

---

[1] Castaneda initially objected to the obstruction of justice enhancement in the PSR, but later withdrew the objection.

To show plain error, Castaneda must demonstrate "(1) an error that (2) is clear or obvious, and (3) affected [his] substantial rights." *Wylie*, 991 F.3d at 863. The government concedes that, if plain error review applies, the error here is clear, obvious, and affects Castaneda's substantial rights. Given that Castaneda satisfies all three prerequisites, we have discretion to reverse the judgment to avoid "seriously affect[ing] the fairness, integrity, or public reputation of judicial proceedings." *Id*. We held in *Wylie* that when a court imposes an erroneous supervised release term as a result of a miscalculated guideline range, the error calls into question the very integrity that the judiciary seeks to uphold and protect. *Id*. at 864. This rationale applies with full force to Castaneda's case and compels us to vacate and remand for resentencing.

### III

We turn to Castaneda's second claim of procedural error. During sentencing, a court must address the defendant's principal arguments in mitigation and state in open court its reason for imposing a particular sentence. *See* 18 U.S.C. § 3553(c). Castaneda argues that the district court failed to do so. We review de novo the question of whether a district court adequately explained its chosen sentence and addressed a defendant's principal arguments in mitigation. *United States v. Barr*, 960 F.3d 906, 914 (7th Cir. 2020).

Our circuit does not require a district court to respond to every mitigation argument raised by a defendant during a sentencing hearing. For example, we have held that "stock arguments" in mitigation that are routinely seen by sentencing courts, such as difficult family circumstances, can often "be rejected with little or even no explanation." *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010). But a district court

cannot pass over in silence a defendant's principal mitigation arguments. *United States v. Starko*, 735 F.3d 989, 992 (7th Cir. 2013).

In his sentencing memorandum and at the sentencing hearing, Castaneda advanced three arguments for mitigating his sentence. He pointed out his eligibility for the safety valve, which meant the district court was free to impose a sentence below the mandatory minimums associated with his convictions. He also emphasized his desire to spend the rest of his life with his family, and he highlighted his advanced age, which statistically lowered his risk of recidivism.

The district court's words were few indeed, but the sentencing transcript supports a conclusion that the court addressed Castaneda's final two arguments, related to his age and family ties. The court was "not real concerned about adequate deterrence" to Castaneda, but it did have "some concern about adequate deterrence to others" given the unique circumstances of Castaneda's case. This first part—the court's lack of concern about the need to deter Castaneda—reads, at the very least, as the court acknowledging Castaneda's argument that his age lowered his risk of recidivism. As for Castaneda's family ties argument, the district court did express astonishment at how Castaneda fled—the court found it "striking" that he "left behind [his] wife and two children," and remarked that Castaneda "basically abandoned [his] responsibilities to [his] family." The district court did not explicitly reject Castaneda's argument about the strength of his family ties, but this disapproving language suggests an implicit rejection. *Gary*, 613 F.3d at 709 (holding that so-called "stock" arguments in mitigation can be rejected with little to no explanation); *United States v. Bustos*, 912 F.3d 1059, 1063 (7th Cir.

2019) (acknowledging the district court's implicit rejection of a defendant's mitigation argument).

By contrast, the district court skipped over entirely Castaneda's safety valve argument. And what little engagement there is by the court on the subject suggests it did not appreciate how the provision should have been applied to Castaneda. First, the district court misstated that a mandatory minimum of 120 months' imprisonment applied to Castaneda; it did not. Then, when the government reminded the court that Castaneda qualified for the safety valve, so the mandatory minimum did not apply, the government misstated the law. Here is the exchange:

> The Court: There's a guideline range of 121 to 151, but there's also a mandatory minimum of 120.
>
> […]
>
> [Government]: And then it is correct that the mandatory minimum would ordinarily apply, but the defendant does qualify for the safety valve. Therefore, the Court *may* sentence him without regard to that mandatory minimum.
>
> The Court: Oh, okay.

Sentencing Tr. at 8:1-8:17 (emphasis added). The government represented that the safety valve's application was permissive rather than mandatory. The court's only response to the misstatement was "Oh, okay," so it is unclear whether the district court understood that, if it indeed found Castaneda to have satisfied all five safety valve criteria, then it would be *required* to sentence Castaneda *without* regard to any mandatory

minimums. It could not, as the government depicted, treat disregarding the mandatory minimums as optional.[2]

All of this, coupled with the fact that the district court sentenced Castaneda to a term well above the statutory minimum—without any explanation for the increase—further supports Castaneda's claim that the court failed to address his principal argument in mitigation that he qualified for the safety valve. When a district court sentences a defendant to more than 24 months, and within the guidelines range, the court is "obligated to state 'the reason for imposing a sentence at a particular point within the range.'" *United States v. Washington*, 739 F.3d 1080, 1081 (7th Cir. 2014) (quoting 18 U.S.C. § 3553(c)(1)). The district court provided no such explanation, making it impossible for this Court to undertake the "meaningful appellate review" required of us. *Gall v. United States*, 552 U.S. 38, 50 (2007).

## IV

The district court applied an incorrect guideline range and failed to provide any explanation for its rejection of Castaneda's principal mitigation argument—one that, in any event, the court appears not to have understood. Either error

---

[2] The district court also completed a Statement of Reasons for Imposing Sentence in Castaneda's case. The form included three options the judge could select from as the applicable scenario. The court ultimately selected the option that said: "One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term." Though not dispositive, this form further emphasizes that the district court did not appear to understand that Castaneda qualified for the safety valve.

warrants reversal. We VACATE and REMAND for resentencing.