In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 25-1746

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES A. COHEN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 24-CR-00437 — **Lindsay C. Jenkins**, *Judge.*

———————

ARGUED SEPTEMBER 5, 2025 — DECIDED NOVEMBER 24, 2025

———————

Before ST. EVE, JACKSON-AKIWUMI, and LEE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* James A. Cohen accepted payments in exchange for falsely representing that a registered sex offender lived at his address. After he was charged for making that representation to United States marshals, Cohen pleaded guilty to knowingly and willfully making a materially false statement in a matter within the jurisdiction of the United States. The district court sentenced Cohen to 21 months' imprisonment. Cohen appeals, contending the district court

improperly used a sentencing guideline applicable where the matter relates to "sex offenses" under named laws. We affirm.

## I. Background

### A. Factual Background

By August 2016, James Cohen began accepting monthly payments of around $235 to help a person—pseudonymously named Individual A—conceal his true residential address from authorities. In exchange for the payments, Cohen permitted Individual A to falsely represent Cohen's residence as his residential address to sex offender registration authorities. Cohen also agreed to represent that Individual A resided with him if questioned by authorities during compliance checks. Cohen knew that Individual A had been convicted of a sex offense and was obligated to register his place of residence as a sex offender.

In May 2023, the United States Marshals Service began investigating Individual A's compliance with sex offender registration requirements. As part of the investigation, a United States marshal visited Cohen's residence. The marshal informed Cohen he was there to investigate Individual A's compliance with registration requirements. The marshal also informed Cohen of the legal consequences of making a false statement. Undeterred, Cohen told the marshal that Individual A resided with him and had rented a room since September 2020. Cohen knew this was false, as Individual A had never resided with him.

### B. Procedural History

Cohen was charged in an information with knowingly and willfully making a materially false statement in a matter within the jurisdiction of the executive branch of the United

States, in violation of 18 U.S.C. § 1001(a)(2). Although the penalty is generally up to five years' imprisonment, the maximum term rises to eight years "[i]f the matter relates to an offense under chapter … 109B." 18 U.S.C. § 1001(a). The only statute under chapter 109B, 18 U.S.C. § 2250, criminalizes failing to register under the Sex Offender Registration and Notification Act.

Cohen entered into a plea agreement. In that agreement, Cohen admitted he was pleading guilty to an offense with a maximum sentence of eight years' imprisonment. The agreement further provided that the base offense level was 14 under U.S.S.G. § 2J1.2(a), and that this level increases four levels pursuant to § 2J1.2(b)(1)(A) because "the matter relates to a sex offense under chapter 109B of Title 18, United States Code."

Cohen's plea agreement resulted in a Guidelines range of 21 to 27 months' imprisonment. Cohen and the government acknowledged, however, that the Guidelines calculations were nonbinding.

Prior to sentencing, the Probation Department and the government both recommended a sentence within the Guidelines range set forth in the plea agreement: 21 to 27 months' imprisonment. In his sentencing memorandum, Cohen provided three objections to this sentence. First, guideline § 2J1.2 should not apply because Cohen's "offense does not constitute a sex offense under federal law." Second, application of the four-level increase under § 2J1.2(b)(1)(A) on top of the base offense level of 14 under § 2J1.2(a) constitutes "improper double enhancement" because the application of § 2J1.2(a) and subsection (b)(1)(A) turn on the same criteria. And third, applying § 2J1.2 violates *Apprendi v. New Jersey*, 530 U.S. 466

(2000), by increasing the statutory maximum from five to eight years without decision by a jury.

At his sentencing hearing, Cohen's counsel withdrew the second and third objections. As for the second objection, Cohen's counsel stated:

> May I also say just in advance that defendant is no longer disputing the enhanced offense of four points— the specific Offense Level of four points based on the Seventh Circuit—based on a Seventh Circuit ruling.

The district court later asked if Cohen maintained his third, *Apprendi*-based objection. Defense counsel responded, "No, your Honor. We withdraw that."

The court overruled Cohen's first objection, finding that § 2J1.2 applied. The court subsequently determined that Cohen's Guidelines range was 21 to 27 months' imprisonment, and sentenced him to 21 months in prison.

## II. Discussion

As with other procedural challenges, we review claims of miscalculated Guidelines de novo. *See United States v. Feeney*, 100 F.4th 841, 844 (7th Cir. 2024). If a defendant forfeits his claim by "accidentally or negligently" failing to object to an erroneous Guidelines range, we review for plain error. *United States v. Castaneda*, 77 F.4th 611, 614 (7th Cir. 2023). "Waiver occurs when a defendant intends, as a strategic matter, to relinquish a known right." *United States v. Pankow*, 884 F.3d 785, 790 (7th Cir. 2018). A finding of "[w]aiver precludes appellate review." *Id.*

Cohen brings three arguments on appeal. First, his statement in a matter relating to an offense under chapter 109B—

failure to register—warrants the lower guideline of § 2B1.1 instead of § 2J1.2 because failure to register is not a sex offense. Second, § 2J1.2 can only apply if Cohen's false statement relates to his own failure to register. Third, Cohen's information did not allege he had the mens rea required for the eight-year maximum, as required under *Apprendi*. We address each argument in turn.

## A. "Sex Offenses" as a Limiting Term

We begin with Cohen's argument that the district court incorrectly applied guideline § 2J1.2. Under the Sentencing Guidelines, § 2J1.2 applies to convictions under 18 U.S.C. § 1001 where "the matter relates … to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, 117 of title 18, United States Code." U.S.S.G. § 2J1.2 comment. (statutory provisions); U.S.S.G. App. A.[1] Cohen does not dispute that his false statement was in a matter relating to an offense under chapter 109B: that chapter contains only one statute, 18 U.S.C. § 2250, entitled "[f]ailure to register" and criminalizing failing to register pursuant to the Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250. Cohen claims that failure to register is not a "sex offense." Therefore, he argues there was no sex offense for the "matter" involving his false statement to "relate[] to." This error, Cohen asserts, requires resentencing under § 2B1.1, which would otherwise apply.

We first must decide whether, as the government contends, Cohen waived this argument because his plea agreement provided that the matter "relate[d] to an offense under

---

[1] Cohen's argument assumes that the descriptor, "sex offenses," applies to chapter 109B. We need not assess this claim because we reject Cohen's argument on other grounds.

chapter 109B of Title 18," and consequently noted that § 2J1.2 applied. He did not. The plea agreement described the Guidelines calculations as "preliminary," "non-binding predictions upon which neither party is entitled to rely," and provided that either party could seek to correct errors in applying or interpreting the Sentencing Guidelines. Cohen exercised this right by timely raising a challenge to the interpretation of the Guidelines at sentencing. In doing so, Cohen preserved appellate review.

The government correctly points out that a defendant might waive through a plea agreement the right to contest facts that justify the application of certain guidelines. *See United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011*)*. In such cases, the distinction between factual admissions and a "legal designation" can be "illusory." *United States v. Issa*, 21 F.4th 504, 509 (7th Cir. 2021). But our precedent has distinguished such cases from "an error in interpretation" of the Guidelines, *see United States v. Martinez*, 122 F.3d 421, 422 (7th Cir. 1997), which, when raised at sentencing, preserves an argument. *See United States v. Chagoya-Morales*, 859 F.3d 411, 415–16, 421–22 (7th Cir. 2017). This is a more appropriate characterization of Cohen's argument. Cohen does not attempt to backpedal any factual admissions. Nor did Cohen waive his argument by failing to timely raise it below. S*ee United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017).

We also reject the government's assertion that Cohen forfeited his argument. Defense counsel preserved the objection by arguing below that Cohen's statement concerned registration rather than sexual conduct.

With waiver and forfeiture aside, we now turn to the merits of Cohen's argument. Cohen begins by attempting to show

that failing to register cannot constitute a sex offense, but Cohen faces an initial hurdle under the plain text of the guideline. The Guidelines instruct courts to apply § 2J1.2 where "the matter relates … to sex offenses under chapter[] … 109B." U.S.S.G. § 2J1.2 comment. (statutory provisions); U.S.S.G. App. A. The only statute within chapter 109B is 18 U.S.C. § 2250, "[f]ailure to register," the offense to which Cohen admits the matter underlying his false statement relates. If, as Cohen suggests, failure to register is not a sex offense, then the Guidelines' reference to chapter 109B is empty. "The 'cardinal principle' of textual interpretation is to 'give effect, if possible, to every clause and word' of the text." *United States v. Feeney*, 100 F.4th 841, 845 (7th Cir. 2024) (quoting *Loughrin v. United States*, 573 U.S. 351, 358 (2014)). In this sense, the plain text of the Sentencing Guidelines supports the application of § 2J1.2 to Cohen.

Cohen attempts to overcome this hurdle by pointing to the statutory prohibition in 18 U.S.C. § 2250(d) within chapter 109B. While § 2250(a) criminalizes failing to register on its own, § 2250(d) prohibits committing a "crime of violence" after failing to register. The possibility that a "crime of violence" under § 2250(d) could constitute a sex offense, according to Cohen, rebuts the proposition that his interpretation renders the Guidelines' reference to chapter 109B empty. Cohen therefore asks us to assess each conviction to determine whether it qualifies as a sex offense or a non-sex offense. Cohen does not, however, supply a standard to distinguish between sex offenses and non-sex offenses.

Although Cohen points to a litany of definitions of "sex offenses" not referencing registration, none of these definitions apply to § 2J1.2. In fact, the flexibility of "sex offenses"

favors consulting the immediate context. *See United States v. Hansen*, 599 U.S. 762, 776 (2023) ("[A] word capable of many meanings is refined by its neighbors …." (citing *Dubin v. United States*, 599 U.S. 110, 124–25 (2023))). So, the best place to look for a definition of a sex offense for the purposes of applying § 2J1.2 is § 2J1.2 itself, which refers to chapter 109B in its entirety.

We also note that, even accepting Cohen's reading, the language merely requires that the matter "relates to" sex offenses—not that the matter qualify as a sex offense itself. In this context, mere "relat[ion] to" sex offenses broadens the scope of matters that may qualify for the application of § 2J1.2. The Supreme Court has described "relate to" as "expansive" and noted that the phrase is used "to reach any subject that has 'a connection with, or reference to,' the topics the statute enumerates." *Coventry Health Care of Mo., Inc. v. Nevils*, 581 U.S. 87, 95–96 (2017) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)); *see also Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709 (2018); *United States v. Kraemer*, 933 F.3d 675, 679–80 (7th Cir. 2019). Failure to register under the Sex Offender Registration and Notification Act readily bears a connection to sex offenses, and Cohen does not persuade us otherwise.

Cohen's false statement was in a matter relating to failing to register as a sex offender under chapter 109B, which § 2J1.2 plainly embraces. Therefore, the district court did not err in applying § 2J1.2 to Cohen.

**B. Relationship of Statement to Sex Offense**

Cohen also argues that § 2J1.2 requires the false statement pertain to the defendant's own sex offense. Cohen did not

make this objection in the district court, so he has forfeited it. *See Castaneda*, 77 F.4th at 614. We therefore review for plain error.

"To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements: (1) there must be an error; (2) the error must be plain; and (3) the error must affect 'substantial rights,' which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Page*, 123 F.4th 851, 864 (7th Cir. 2024) (en banc) (citation modified). If the defendant meets his burden on all three elements, the court confronts a fourth, discretionary element by which it grants relief only if "the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Greer v. United States*, 593 U.S. 503, 508 (2021)).

Cohen cannot proceed beyond the first two elements. First, Cohen points to no support for his claim in the operative text. Second, he provides no caselaw indicating that it is erroneous for a court to apply § 2J1.2 when the matter does not relate to a defendant's own sex offense. This is important because "[o]n plain error review, we cannot grant relief 'unless the error is clear under current law.'" *United States v. McClellan*, 794 F.3d 743, 755 (7th Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).[2]

---

[2] Cohen's argument that we should apply the rule of lenity given ambiguous language in the Sentencing Guidelines fails because Cohen does not identify ambiguity through either of his first two arguments. *See United States v. Tinsley*, 62 F.4th 376, 390 n.8 (7th Cir. 2023).

### C. Alleged *Apprendi* Violation

Cohen's third challenge is that § 2J1.2 does not apply be-cause the information did not allege his knowledge that the matter being investigated related to a sex offense. Specifically, he claims that the statutory enhancement for false statements in a matter relating to offenses under chapter 109B carries an additional mens rea requirement under *Apprendi*, 530 U.S. at 490. According to Cohen, the information's failure to allege his mens rea with respect to the eight-year maximum means it has failed to state such an offense so as to render Cohen in-eligible for § 2J1.2.

We need not address this claim because Cohen has waived it. Cohen's counsel affirmatively withdrew this argument be-fore the district court. That decision is a hallmark of knowing and voluntary waiver. *See United States v. Young*, 908 F.3d 241, 247 (7th Cir. 2018). Cohen also waived his right to challenge the validity of the information by pleading guilty. *See Grzegor-czyk v. United States*, 997 F.3d 743, 749 (7th Cir. 2021); *United States v. Grayson Enters., Inc.*, 950 F.3d 386, 402 (7th Cir. 2020).

\*       \*       \*

The judgment of the district court is

AFFIRMED.