In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2751
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

FERNELLY LLANOS,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 09 CR 373 — Ronald A. Guzmán, Judge.
 ____________________

 ARGUED NOVEMBER 30, 2022 — DECIDED MARCH 9, 2023
 ____________________

 Before WOOD, JACKSON-AKIWUMI, and LEE, Circuit Judges.
 WOOD, Circuit Judge. This case requires us to unravel the
complications that ensued as a result of Fernelly Llanos’s re-
peated episodes of heroin dealing. First, in case 07 CR 473 (the
2007 case, before Judge Coar), Llanos was convicted for pos-
sessing heroin with intent to distribute it between March and
July 2007. While he was serving his sentence in that matter, he
was indicted on charges of dealing heroin between 2006 and
April 2007, in case 09 CR 373 (the 2009 case, before Judge
2 No. 21-2751

Guzmán). He pleaded guilty to those charges and received a
sentence concurrent to the one imposed in the 2007 case. Fi-
nally, while he was on supervised release for the 2009 case, he
again was caught distributing heroin, this time in September
2015. Charges and a guilty plea followed in case 17 CR 509
(the 2017 case, before Judge Wood). Two consequences
ﬂowed from the 2017 case: ﬁrst, Judge Wood sentenced him
to 120 months’ imprisonment; and second, Judge Guzmán re-
voked his supervised release for the 2009 case and imposed a
new term of 30 months in prison, to be served consecutively
to the 120-month term in the 2017 case.
 In this appeal, Llanos complains only about the sentence
he received when his supervised release in the 2009 case was
revoked. Llanos oﬀers several reasons why the revocation
sentence was procedurally ﬂawed, but we ﬁnd none of them
persuasive, and thus we aﬃrm the judgment of the district
court.
 I
 As Llanos sees it, the government never should have
brought the 2007 and 2009 charges as separate cases, because
they involved the same conduct and the same conspiracy. By
doing so, in Llanos’s view, the prosecutor artiﬁcially inﬂated
his criminal history for purposes of future calculations under
the U.S. Sentencing Guidelines. But it is too late in the day to
revisit either of those earlier convictions or sentences, and so
we express no view on the scope of those indictments. They
stand as two diﬀerent convictions, and as a result, Llanos has
“two prior felony convictions of … a controlled substance of-
fense,” U.S.S.G. § 4B1.1(a), and thus is subject to the “career
oﬀender” provisions of the Guidelines.
No. 21-2751 3

 That designation pushed Llanos’s advisory Guidelines
range for purposes of the 2017 case up to 262 to 327 months’
imprisonment. The statutory mandatory minimum sentence
was 120 months’ imprisonment, see 21 U.S.C. § 841(b)(1)(B),
because of his prior serious drug felony conviction. At his sen-
tencing hearing before Judge Wood, Llanos argued that the
career oﬀender enhancement should not apply, because his
previous two oﬀenses should be treated as a single oﬀense for
sentencing purposes (a variant on his earlier point about the
government’s charging decisions). Had they been so treated,
Llanos’s Guidelines range would have been trimmed to 70 to
87 months.
 Judge Wood acknowledged Llanos’s argument but de-
clined to adopt his interpretation of the Guidelines. Nonethe-
less, she more than met Llanos halfway. Although she deter-
mined that Llanos technically qualiﬁed as a “career oﬀender,”
she opted to exercise her discretion under 18 U.S.C. § 3553(a)
to sentence him as if he were not a career oﬀender. She ex-
plained, however, that Llanos was still subject to the statutory
mandatory minimum, which would have been triggered by
even a single prior serious drug conviction. See 21 U.S.C.
§ 841(b)(1)(B). Ultimately, she sentenced Llanos to the man-
datory minimum of 120 months’ imprisonment.
 Because the 2017 drug oﬀense, apart from being a stand-
alone crime, constituted a violation of the terms of Llanos’s
supervised release imposed in the 2009 case, the government
initiated steps to revoke that release in separate proceedings
before Judge Guzmán. The policy statements in Chapter 7 of
the Guidelines advised a new imprisonment term of 30 to 37
months. At the revocation hearing, Llanos did not dispute the
Guidelines calculation. He argued instead that no additional
4 No. 21-2751

prison time was appropriate because Judge Wood already
had taken into account the fact that Llanos was on supervised
release for an earlier conviction when she sentenced him in
the 2017 case. He also repeated his belief that the government
had wrongfully prosecuted his ﬁrst two heroin convictions
separately and that his latest 120-month sentence was overly
harsh. Finally, he asked Judge Guzmán to consider in mitiga-
tion the fact that diﬃcult economic circumstances resulting
from his parents’ terminal illnesses and deaths had contrib-
uted to his recidivism.
 After reviewing the record from Judge Wood, Judge Guz-
mán pointed out that Judge Wood had recognized that Llanos
was on supervised release when he committed the 2017 her-
oin oﬀense. Nevertheless, he concluded that Judge Wood had
not “speciﬁc[ally] tak[en] into account the very fact that the
defendant was on the court’s supervision, having just com-
mitted—just ﬁnished another custodial sentence when he
committed this oﬀense.” He rejected Llanos’s justiﬁcation for
his actions, noting that Llanos was “equipped in terms of in-
telligence and education to ﬁnd a place in the work place” and
“had every reason not to commit such an oﬀense.” Judge Guz-
mán also commented that Llanos had shown “blatant disre-
gard for the law” by reoﬀending while on supervised release
so soon after his release from prison. In the end, he sentenced
Llanos to 30 months’ imprisonment, the bottom of the advi-
sory Guidelines range, and he ordered that sentence to run
consecutively to the one in the 2017 case.
 II
 Llanos raises two procedural challenges to his 30-month
sentence: ﬁrst, he argues that the district court failed to con-
sider the factors set out in 18 U.S.C. § 3553(a) and the U.S.
No. 21-2751 5

Sentencing Commission policy statements; second, he con-
tends that the district court ignored his principal argument in
mitigation, which rested on his allegedly overstated criminal
history.
 We evaluate procedural challenges to criminal sentences
de novo. United States v. Ballard, 12 F.4th 734, 740 (7th Cir. 2021).
Absent any procedural error, “[o]ur review of a sentence im-
posed in a revocation proceeding is highly deferential” and
we will aﬃrm unless the sentence is “plainly unreasonable.”
United States v. Childs, 39 F.4th 941, 944 (7th Cir. 2022).
 A
 Under 18 U.S.C. § 3583(e), a district court imposing a term
of imprisonment in a supervised release revocation proceed-
ing must consider a subset of the section 3553(a) factors:
 the nature and circumstances of the offense; the
 defendant’s history and characteristics; the
 need to deter criminal conduct, protect the pub-
 lic, and provide the defendant with training,
 medical care, or other correctional treatment;
 sentencing recommendations and policy state-
 ments from the Sentencing Commission; the
 need to avoid unwarranted sentencing dispari-
 ties among similar defendants; and the need for
 victim restitution.
United States v. Dawson, 980 F.3d 1156, 1162–63 (7th Cir. 2020)
(citing §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5),
(a)(6), (a)(7)). Put another way, section 3583(e) directs courts
to apply all of the section 3553(a) factors except “the need for
the sentence imposed [ ] to reﬂect the seriousness of the of-
fense, to promote respect for the law, and to provide just
6 No. 21-2751

punishment for the oﬀense,” § 3553(a)(2)(A), and “the kinds
of sentences available,” § 3553(a)(3). Nonetheless, “district
courts may consider those factors too, as long as they focus
primarily on the factors that § 3583(e) does mention.” Dawson,
980 F.3d at 1163 (emphasis added).
 The district court “need not march through every factor
under § 3553(a) in a checklist manner.” United States v.
Buncich, 20 F.4th 1167, 1174 (7th Cir. 2021) (internal quotations
omitted). But it must “say something” that demonstrates that
it considered the statutory criteria in determining the sen-
tence. Childs, 39 F.4th at 94.
 Although Judge Guzmán did not speciﬁcally mention the
relevant statutory factors at the revocation hearing, the record
shows that as a matter of substance he took adequate account
of sections 3583(e) and 3553(a). He discussed Llanos’s “his-
tory and characteristics,” including his educational back-
ground and his ability to earn a living lawfully. § 3553(a)(1).
He considered the “nature and circumstances of the of-
fense”—though perhaps not in the way Llanos had hoped
for—when he rejected Llanos’s economic justiﬁcation for
reoﬀending. § 3553(a)(1). The court pointed out Llanos’s “bla-
tant disregard for the law … while on the court’s supervision”
and the fact that he “simply was not prepared to make the
commitment that it takes to forego criminality.” See
§ 3553(a)(2)(B) (“to aﬀord adequate deterrence to criminal
conduct”); § 3553(a)(2)(C) (“to protect the public from further
crimes of the defendant”). And Llanos’s revocation sentence
of 30 months’ imprisonment sat at the lowest end of the
Guidelines range. See § 3553(a)(4)(B) (“in the case of a viola-
tion of probation or supervised release, [consider] the appli-
cable guidelines or policy statements”).
No. 21-2751 7

 Our review is facilitated when district courts supply cita-
tions to section 3553(a) when explaining their sentencing de-
cisions, but this is not an ironclad requirement. See, e.g.,
United States v. Millet, 510 F.3d 668, 680 (7th Cir. 2007) (finding
no procedural error where “it [was] evident that the court
considered several of the § 3553(a) factors in arriving at [the
defendant’s] sentence,” even though the court did not list the
factors). Because Judge Guzmán’s analysis reflects proper
consideration of the statutory criteria and there is no evidence
that the sentence was driven by other concerns, we find no
reversible error.
 Similarly, contrary to Llanos’s argument, Judge Guzmán
was not required to cite chapter and verse of any relevant Sen-
tencing Commission policy statement. Especially when the
defendant does not dispute the proposed calculation of the
Guidelines range, it is suﬃcient for the district court to con-
sider applicable policy statements implicitly as it reviews the
probation oﬃcer’s report. See United States v. Boultinghouse,
784 F.3d 1163, 1177–78 (7th Cir. 2015). Here, the probation of-
ﬁcer’s report relied on the Guidelines to provide a recommen-
dation of 30 to 37 months’ imprisonment. Judge Guzmán con-
sidered this information, to which no one objected, and ulti-
mately sentenced Llanos to the bottom of the recommended
range. In sum, we are satisﬁed that Judge Guzmán properly
considered the relevant section 3553(a) factors and policy
statements in the Guidelines in giving Llanos a within-Guide-
lines sentence of 30 months’ imprisonment.
 B
 Next, Llanos argues that the district court erred by failing
to consider his principal argument at the sentencing hearing.
We have emphasized that a sentencing court should “address
8 No. 21-2751

a criminal defendant’s ‘principal’ arguments in mitigation un-
less such arguments are ‘so weak as not to merit discussion.’”
United States v. Sanchez, 989 F.3d 523, 540 (7th Cir. 2021) (quot-
ing United States v. Cunningham, 429 F.3d 673, 679 (7th Cir.
2005)). This does not mean, however, that the court must ex-
haustively canvas all of a defendant’s arguments with “artiﬁ-
cial thoroughness.” Id. “So long as the record gives us conﬁ-
dence that the court meaningfully considered the defendant’s
mitigation arguments, ‘even if implicitly and imprecisely,’
that is enough.” United States v. Jones, 798 F.3d 618 (7th Cir.
2015) (quoting United States v. Diekemper, 604 F.3d 345, 355
(7th Cir. 2010)).
 On appeal, Llanos says that his principal argument at sen-
tencing was his contention that the 120-month sentence in the
2017 case was the “unfair result” of the government’s alleg-
edly improper separate prosecutions of the 2007 and 2009 her-
oin charges. Judge Guzmán should have compensated for this
unfair result, Llanos argues, by declining to impose addi-
tional time for the supervised release violation.
 But this argument falls ﬂat. The statute, 21 U.S.C.
§ 841(b)(1)(B), states that the 10-year mandatory minimum is
triggered when someone reoﬀends “after a prior conviction
for a serious drug felony.” Judge Wood highlighted this at the
sentencing hearing. Sensibly enough, Llanos has never sug-
gested that Judge Wood erred in ﬁnding that the mandatory
minimum applied. To the contrary, he characterized her deci-
sion as “extremely reasoned and balanced” during the subse-
quent revocation hearing. Nor does he argue that the sepa-
rate-prosecution issue had any eﬀect on the Guidelines rec-
ommendation of 30 to 37 months for his supervised release
No. 21-2751 9

violation. Thus, it is unclear what more Llanos would have
liked Judge Guzmán to say on the issue.
 Setting aside his confusing rhetoric about the effect of
prior convictions on his most recent sentence, Llanos’s princi-
pal arguments at the revocation stage boiled down to two
points: (1) that Judge Wood already had accounted for the su-
pervised release violation in her sentence for the 2017 offense,
and (2) that the 10-year mandatory minimum for the under-
lying offense was too harsh given his individual circum-
stances. We cannot see how Judge Guzmán failed to give
these arguments their due. He thoroughly considered
whether Judge Wood had accounted for the supervised re-
lease violation. After reading the hearing transcripts and of-
fering both parties a chance to present their view on the issue,
he determined that she had not. He then explained why an
additional, within-Guidelines sentence was appropriate in
light of Llanos’s criminal history and the specific circum-
stances of the supervised release violation. The fact that Judge
Guzmán did not expressly state that he was rejecting Llanos’s
request for lenience does not amount to procedural error.
 III
 Because the district court committed no procedural error
and Llanos does not challenge the substantive reasonableness
of his sentence, we AFFIRM the judgment of the district court.