In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 23-2172

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SENQUE S. BINGHAM,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:21-cr-40048 — **Staci M. Yandle**, *Judge.*

———————————

ARGUED NOVEMBER 6, 2023 — DECIDED DECEMBER 19, 2023

———————————

Before FLAUM, SCUDDER, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Senque Bingham pleaded guilty to drug offenses. In his objections to the Presentence Investigation Report (PSR), he outlined the criteria for safety-valve relief under 18 U.S.C. § 3553(f) and asserted that he met them. At sentencing, the district court found that Bingham was ineligible for the safety valve, concluding that because he qualified for a firearms enhancement under U.S.S.G. § 2D1.1(b)(1), he failed to satisfy the safety-valve criterion that the

defendant did not possess a firearm in connection with the offense (the no-firearms condition). But the safety-valve no-firearms condition is narrower than the Sentencing Guidelines firearms enhancement. Just because a defendant qualifies for the Guidelines enhancement does not necessarily mean that he does not qualify for safety-valve relief. The district court mistakenly conflated the scope of the no-firearms condition with that of the firearms enhancement. And because we cannot be sure that the district court would have imposed the same sentence if Bingham is in fact safety-valve eligible, we vacate and remand for resentencing.

I

In November 2022, Senque Bingham pleaded guilty to conspiracy to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 21 U.S.C. § 846. Before sentencing, the probation office prepared the PSR, which asserted that a co-defendant, Jaylen Vinson, was the conspiracy's leader and that Bingham delivered drugs for him. The PSR included the statements of two cooperating witnesses. Cooperating Witness 1 told law enforcement that he/she observed several defendants distribute methamphetamine from hotel rooms in Carbondale, Illinois and that he/she saw Bingham and others possess assault rifles and pistols in the hotel rooms. Cooperating Witness 2 told law enforcement that "Vinson and his 'crew' always had guns 'around' during their illegal activities."

In his objections to the PSR, Bingham described the five criteria for safety-valve relief under 18 U.S.C. § 3553(f), including the no-firearms condition. He asserted that he met the criteria and requested that the district court recalculate the Guidelines range accordingly. At sentencing, however, the

court found that Bingham was ineligible for safety-valve relief because he qualified for a firearms enhancement under U.S.S.G. § 2D1.1(b)(1) and sentenced Bingham to 120 months, the statutory minimum for his offense. Bingham appealed.

## II

"We review the district court's interpretation of the safety-valve provision under the statute and the Sentencing Guidelines de novo." *United States v. Stamps*, 983 F.3d 945, 949 (7th Cir. 2020). Under the safety-valve provision of 18 U.S.C. § 3553(f), a sentencing court "shall impose a sentence … without regard to any statutory minimum sentence" if the defendant meets five criteria, one of which is that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense" (the no-firearms condition). 18 U.S.C. § 3553(f)(2). The Sentencing Guidelines incorporate the safety valve and state that a defendant who satisfies all five safety-valve criteria is entitled to a two-level reduction to their offense level. U.S.S.G. §§ 5C1.2, 2D1.1(b)(18). Under U.S.S.G. § 2D1.1(b)(1), by contrast, the defendant's offense level will be increased by two levels if a dangerous weapon, including a firearm, was possessed in connection with the offense (the firearms enhancement).

On appeal, Bingham argues that the district court erred in denying him safety-valve relief under § 3553(f) because the no-firearms condition of § 3553(f) is narrower than the firearms enhancement of U.S.S.G. § 2D1.1(b)(1), and the error was not harmless. We address these arguments in turn.

A

The government argues that we should review the court's application of the safety-valve criteria for plain error because Bingham has failed to properly preserve the issue for appellate review by failing to make the narrowness argument below. Cf. *United States v. Ramirez*, 783 F.3d 687, 693–94 (7th Cir. 2015) (reviewing for plain error the district court's application of the safety-valve criteria because the defendant failed to request safety-valve consideration at sentencing). But Federal Rule of Criminal Procedure 51(a) states that "exceptions to rulings or orders of the court are unnecessary to preserve a basis for appeal." *United States v. Wood*, 31 F.4th 593, 597 (7th Cir. 2022) (quoting Fed. R. Crim. P. 51(a)) (cleaned up). "An exception is a complaint about a judicial choice, such as a ruling or an order, after it has been made," and an exception need not be made to a district court's explanation of its sentencing decision. *Id.* In other words, where the basis for appeal "existed prior to and separate from the district court's ultimate ruling," the litigant must have presented the argument to the district court. *Id.* When the district court's ruling itself created the grounds for appeal, no exception is needed. *Id.* "In such cases, the litigant is taken by surprise and lacks the notice or opportunity to advance a pre-ruling position"; "[l]itigants cannot be required to interrupt a judge mid-explanation …, and post-ruling exceptions are unnecessary." *Id.*

The phrase safety valve was only mentioned twice during the sentencing hearing. First, the court stated that Bingham had asserted that he is entitled to the safety valve. Second, the court stated, "I would point out, you mention that, but I didn't see any argument or any further elaboration of your position as to why you believe he is. But having found sufficiently that

the [firearms] enhancement applies, obviously, he's not then entitled to the safety valve." True, Bingham did not argue below that the no-firearms condition is narrower than the firearms enhancement. But in his objections to the PSR, he listed the safety-valve criteria and asserted that he met all of them. And although Bingham could have made the narrowness argument before his sentencing, he had no notice that the district court would conflate the scope of the no-firearms condition and that of the firearms enhancement, precisely because neither party had raised the issue. The conflation thus took him by surprise, and the basis for appeal did not exist prior to and separate from the court's ultimate ruling. De novo review is therefore proper.

The district court erred in conflating the scopes of the no-firearms condition and the firearms enhancement. As noted above, the no-firearms condition of § 3553(f)(2) requires that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." The firearms enhancement of U.S.S.G. § 2D1.1(b)(1), however, applies to a drug offense "[i]f a dangerous weapon (including a firearm) was possessed," and for purposes of the enhancement, all reasonably foreseeable acts or omissions of others in furtherance of the same conspiracy are imputed to the defendant, U.S.S.G. § 1B1.3(a)(1)(b). Thus, the no-firearms condition is narrower than the firearms enhancement: only the firearms enhancement may apply when a co-conspirator's possession of a firearm was reasonably foreseeable to, but not induced by, the defendant.

Indeed, under the no-firearms condition, the term "defendant" "limits the accountability of the defendant to his

own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." *Id.* § 5C1.2, cmt. n.4. Every circuit to address the issue has held that the no-firearms condition is narrower than the firearms enhancement and does not impute reasonably foreseeable acts of co-conspirators to a defendant. See *United States v. Carrasquillo*, 4 F.4th 1265, 1273 n.1 (11th Cir. 2021); *United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019); *United States v. Delgado-Paz*, 506 F.3d 652, 655–56 (8th Cir. 2007); *United States v. Figueroa–Encarnación*, 343 F.3d 23, 34–35 (1st Cir. 2003); *United States v. Pena–Sarabia*, 297 F.3d 983, 988–89 (10th Cir. 2002); *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997); *In re Sealed Case*, 105 F.3d 1460, 1462–63 (D.C. Cir. 1997); *United States v. Wilson*, 105 F.3d 219, 222 (5th Cir. 1997) (per curiam). We join them today.

Bingham additionally argues on appeal why he is safety-valve eligible. At sentencing, the district court moved quickly from concluding that because the firearms sentencing enhancement applied, the safety valve was not warranted. The court commented that the evidence did not establish that Bingham was in actual possession of a firearm but also stated that there was reliable evidence to the contrary. Regardless, it is unclear to us whether the court would have applied the safety valve had it not mistakenly conflated the scope of the no-firearms condition and that of the firearms sentencing enhancement. The proper course is to remand so that the district court can consider the evidence and determine whether the no-firearms criterion was satisfied here.

B

Bingham argues that this error was not harmless. The government bears the burden of showing that an error in the

application of the safety-valve criteria was harmless. See *Stamps*, 983 F.3d at 950. Under harmless error review, we will not remand for resentencing if we are convinced that, on remand, the district court would impose the same sentence. *United States v. Melvin*, 948 F.3d 848, 854 (7th Cir. 2020). A district court can "inoculate" its sentence against reversal by "giving us the information we need to determine, on appeal, whether an error was harmless without resort to a remand." *United States v. Caraway*, 74 F.4th 466, 468 (7th Cir. 2023) (quotation omitted). An inoculating statement must be "detailed" and explain the "parallel result." *Id.* at 469 (quotation omitted). In explaining the parallel result, it must "account for why the potential error would not affect the ultimate outcome." *Id.* (quotation omitted).

The district court stated at sentencing, "In many cases where there is a statutory minimum that applies, in my judgment the mandatory minimum is overly harsh or overly high and does not reflect the factors that I'm really supposed to consider … because of the mandatory minimum. This is not one of those cases." It then said that despite the mitigating factors it had considered, such as Bingham's age and lack of a criminal history, the statutory minimum was still "appropriate in this case and that is the sentence that I will impose." The court perhaps suggested that "[it] would have imposed the same sentence with or without the enhancements." *United States v. Seals*, 813 F.3d 1038, 1048 (7th Cir. 2016). But it did not explicitly say so, cf. *Caraway*, 74 F.4th at 469 (noting district court's inoculating statement that "[t]his would be my sentence even if my rulings on the objections are wrong and the guideline range would be something else"), and on the record before us, we cannot be sure what the district court would

have done. In the face of this uncertainty, the proper course is to remand for a new sentencing.

VACATED AND REMANDED