In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 23-2881

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KEVIN D. HODGE,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:20-cr-40047-JPG-3 — **J. Phil Gilbert**, *Judge.*

———————————

ARGUED APRIL 14, 2025 — DECIDED MAY 28, 2025

———————————

Before BRENNAN, ST. EVE, and LEE, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Kevin Hodge was involved with
the acquisition and distribution of a variety of illegal drugs.
He pleaded guilty to conspiracy to distribute methamphetamine. Because of the large quantity of narcotics at issue, his
crime would typically carry a ten-year statutory minimum
sentence. But Hodge met the requirements of the statutory
"safety valve," which requires district courts to disregard
mandatory minimums. *See* 18 U.S.C. § 3553(f). Relying on his

eligibility for the safety valve, Hodge requested a sentence below the statutory minimum. The district court sentenced him to ten years, but it did not discuss his entitlement to safety valve relief. As the court did not engage with this principal mitigating argument, we vacate Hodge's sentence and remand for resentencing.

**I**

Hodge was indicted in the Southern District of Illinois for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment also alleged that the conspiracy involved more than 50 grams of methamphetamine, which carries a statutory minimum sentence of ten years. *Id.* § 841(b)(1)(A)(viii).

Hodge initially pleaded not guilty. After the district court granted a series of continuances, almost two years later he changed his plea to guilty. The court then granted Hodge's six motions to continue the sentencing hearing. He asked for these continuances in part because his wife was awaiting organ transplants, making him the family's primary caregiver.

The presentence investigation report (PSR) stated that the total converted drug weight for the conspiracy resulted in a base offense level of 38. *See* U.S. SENT'G GUIDELINES MANUAL § 2D1.1(c). The PSR said Hodge met the requirements of the Guidelines' safety valve, which allows a two-point reduction to the base offense level if the defendant meets the criteria defined in 18 U.S.C. § 3553(f)(1)–(5). U.S.S.G. § 2D1.1(b)(18); *id.* § 5C1.2(a). Those requirements are (1) the defendant does not have certain prior offenses; (2) he did not use or threaten violence in connection with the present offense; (3) the offense did not result in a serious injury or death of another; (4) the

defendant was not a leader of the offense; and (5) he cooperated with the government during its investigation. 18 U.S.C. § 3553(f). Based on the two-level reduction and other adjustments not relevant here, as well as Hodge's criminal history category of I, the recommended Guidelines range was 135 to 168 months.

Because Hodge met all requirements of the safety valve, the PSR stated the district court could sentence him below the ten-year statutory minimum. *Id.* Hodge noted this in his sentencing memorandum, and he asked the court to sentence him to time served, followed by supervised release. For support Hodge again cited his wife's serious health issues and his role as primary caregiver.

At the sentencing hearing, the district court adopted the PSR's findings and recommendations, including its application of the Guidelines' two-point safety valve reduction. The government argued for a within-Guidelines sentence of 144 months, pointing chiefly to the large quantity of drugs involved in the conspiracy. Hodge reiterated his request for time served followed by supervised release, noting his low rank in the organization, his wife's health problems, and his three years on pretrial supervision with no violations, including 22 clean drug tests. He recognized it was a "big ask" but he argued the safety valve "g[ave] the Court authority to do what [he was] asking for."

The court imposed a below-Guidelines sentence of 120 months. Although it was "not unsympathetic to the situation with" Hodge's wife, the court thought incarceration was necessary due to the "tremendous amount of drugs" involved in the conspiracy. It did not speak to Hodge's argument about statutory safety valve relief. At the end of the hearing, the

probation officer asked the court to explain "the basis for the variance down to the statutory minimum." The court responded the variance was due primarily to "the last three years that" Hodge had "done well" on bond.

Hodge appealed. His original counsel moved to withdraw, filing a brief with our court asserting there was no non-frivolous argument to challenge the substantive reasonableness of Hodge's sentence. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's request to withdraw was granted but the *Anders* brief was found to be lacking. Specifically, this court believed there was a non-frivolous argument about possible procedural error in the sentence due to the district court's lack of engagement with Hodge's statutory safety valve argument. New counsel was appointed for Hodge to file a merits brief, which is now before us.[1]

## II

Hodge submits the district court procedurally erred by ignoring his two principal mitigating arguments. First, he posits that the court inadequately addressed his wife's health issues, which require him to serve as the family's main caregiver. Second, he argues the court was silent about the statutory safety valve's applicability.

We review de novo a claim that the district court committed procedural error. *United States v. Kowalski*, 103 F.4th 1273, 1277 (7th Cir. 2024). One procedural requirement the sentencing court must abide by is addressing the defendant's "principal" mitigating arguments, "unless such arguments are so

---

[1] We thank A. Terese Skehan, a law student at Notre Dame Law School, and her supervising attorney, Robert J. Palmer, Esq., of May Oberfell Lorber, LLP, for ably representing their client.

weak as not to merit discussion." *United States v. Llanos*, 62 F.4th 312, 317 (7th Cir. 2023) (quoting *United States v. Sanchez*, 989 F.3d 523, 540 (7th Cir. 2021)). As long as we are assured "that the court meaningfully considered the defendant's mitigation arguments, even if implicitly and imprecisely, that is enough." *Id.* (quoting *United States v. Jones*, 798 F.3d 613, 618 (7th Cir. 2015)).

Imprisonment frequently imposes "emotional and financial harm" on families. *United States v. Graham*, 915 F.3d 456, 459 (7th Cir. 2019) (quoting *United States v. Gary*, 613 F.3d 706, 710 (7th Cir. 2010)). District courts need not address generic mitigation arguments if the defendant requests relief solely because his family would lose its primary source of income or his children would suffer from an absent parent. *Id.* at 459–60.

But when a defendant argues that imprisonment would affect his family in a unique—or "extraordinary"—way, the court must engage with the possibility of mitigation. *United States v. Schroeder*, 536 F.3d 746, 755–56 (7th Cir. 2008). In *Schroeder*, Hodge's leading case for this point, the defendant was the primary caregiver for his immunocompromised daughter. *Id.* at 756. Schroeder argued the family would not have been able to find childcare for her if he was imprisoned. *Id.* The district court's single statement rejecting Schroeder's mitigation request was sparse. It said only that his daughter's health was "unfortunate," but "the fact that Mr. Schroeder is not there to assist is something based on conduct Mr. Schroeder chose to commit." *Id.* The district court "expressly reject[ed]" the daughter's health "as a consideration that should somehow mitigate his sentence." *Id.*

This court remanded for resentencing, as the district court had missed the "relevant inquiry" of what effect Schroeder's

imprisonment would have on his family members. *Id.* Although a sentencing court need not depart from the Guidelines when presented with an extraordinary request for mitigation, it still must "provide an adequate analysis of how much weight, if any" the mitigating circumstances should command. *Id*.

As the government points out, the transcript here displays more engagement with the unique circumstances facing Hodge's family. At the beginning of the hearing, the district court asked about his wife's transplant status and acknowledged sentencing was continued "many times" in the hope Hodge would be there when she had the transplant. It inquired why Hodge became involved with the conspiracy, given that his wife suffered from her ailments even at its outset. And when pronouncing the sentence, the court stated it was "not unsympathetic" to the impact Hodge's sentence would have on his wife.

Contrary to Hodge's assertion that the district court ignored his wife's health problems, the transcript is instead "peppered with references to" his family. *United States v. Poetz*, 582 F.3d 835, 839 (7th Cir. 2009). Despite the court acknowledging the hardship of Hodge's imprisonment, it concluded that confinement was necessary given the "tremendous amount of drugs" involved in the conspiracy.

In sum, the district court here appropriately weighed the mitigating argument against the circumstances of the offense, as required. *See United States v. Pilon*, 734 F.3d 649, 656 (7th Cir. 2013) (no error when the sentencing court concluded "that the [mitigating] circumstances did not outweigh the seriousness of" the offense). Hodge instead seems to criticize the discretionary decision of how much to emphasize possible

mitigating evidence. But our court does not reweigh the evidence. The district court committed no error on this point, even if it addressed Hodge's familial mitigating argument more "implicitly and imprecisely" than he would have preferred. *Llanos*, 62 F.4th at 317 (quoting *Jones*, 798 F.3d at 618).

Hodge also contends that the district court ignored his statutory safety valve argument. This circuit recently held that a court must address the applicability of the statutory safety valve once a defendant raises it, as safety valve relief is a "principal mitigation argument." *United States v. Castaneda*, 77 F.4th 611, 616–17 (7th Cir. 2023).[2] The sentencing transcript here does not reflect the district court's awareness that Hodge could have been sentenced below the ten-year statutory minimum.

Several aspects of the record give us pause. Although the court sentenced Hodge below the Guidelines range, it still selected a 120-month term of imprisonment—exactly the statutory minimum. At the conclusion of the hearing, the probation officer asked the court to explain "the basis for the variance down to the statutory minimum." Rather than making clear it knew the statutory minimum did not apply, the court said simply that the variance was based on Hodge having "done well" over the last three years of bond. Next, when the government requested a sentence, it did not think any imprisonment "below the statutory minimum" would be appropriate—a statutory minimum that did not apply here. The last

---

[2] The defendant carries the burden of proof to establish his eligibility for safety valve relief. *United States v. Collins*, 924 F.3d 436, 441 (7th Cir. 2019). There is no dispute Hodge met his burden: The PSR agreed he had met the statutory criteria, and the government does not argue to the contrary before us.

ambiguity is in the district court's written statement of reasons for the sentence. The court checked the box that said one of the counts of conviction had "a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term."

We understand, as the government pointed out at oral argument before us, that the district court may not have had a better box to check. Oral Arg. at 9:50–11:15. There were only two other options. One provided that "[n]o count of conviction carries a mandatory minimum sentence." This is not quite correct, as Hodge's offense did carry a mandatory minimum—it was just inapplicable here because of the statutory safety valve. The other box allows the district court to recognize that the safety valve applies, but this box is checked only when "the sentence imposed is below the mandatory minimum term." The court likely did not mark this box because it sentenced Hodge exactly at—not below—the usual mandatory minimum.

This case appears unusual in that the court imposed a below-Guidelines sentence equal to or above the statutory minimum, yet the record is unclear whether the court knew it could have sentenced even further below the Guidelines range. In isolation, none of these aspects of the record may have caused us to question whether the court knew the statutory safety valve applied. But together they leave us with sufficient doubt to ask for more explanation about the sentence chosen.

The government offers three responses to this concern. First, because the district court applied the two-point safety valve reduction from the sentencing Guidelines, the government says we should be assured the court knew the statutory

safety valve was in play. It is true that both the two-level reduction and the statutory relief share the same criteria, so satisfying one necessarily implies satisfying the other. *Compare* 18 U.S.C. § 3553(f), *with* U.S.S.G. § 2D1.1(b)(18), *and* U.S.S.G. § 5C1.2(a). But simply because Hodge satisfied both does not mean that the district court knew both were available. *See United States v. Bingham*, 88 F.4th 1220, 1223 (7th Cir. 2023) (differentiating the two concepts). A district court's express acknowledgment of possible safety valve relief is especially important given the court lacks discretion to deny it once the defendant meets the criteria. *Collins*, 924 F.3d at 440.

The district court did briefly mention § 5C1.2 of the Guidelines when reviewing the PSR. This provision incorporates § 3553(f), requiring the court to disregard the statutory minimum upon finding the defendant meets the required criteria. The court's reference, though, was only in the context of the two-point reduction to the base offense level, not to Hodge's request for a sentence below the statutory minimum. Further, this statement occurred before Hodge argued for safety valve relief at the sentencing hearing. So, the court's passing reference is insufficient to assure us that Hodge's principal argument was addressed.

Second, the government points out that the statutory safety valve was discussed in the PSR and Hodge's sentencing memorandum, both of which the court said it had reviewed. Our circuit has said that "a court's statement that it has read the defendant's submissions is often 'enough to satisfy us that [it has] considered the argument and rejected it.'" *Graham*, 915 F.3d at 459 (alteration in original) (quoting *United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646 (7th Cir. 2007)). Nonetheless, those broad statements are typically sufficient only when

a defendant offers "stock arguments." *Id.* (internal quotation omitted). The same is not true for principal mitigating arguments. A sentencing court may not "pass over in silence" a defendant's unrebutted safety valve argument solely because the court had said it read the parties' submissions. *Castaneda*, 77 F.4th at 616.[3]

Third, the district court said it was "not going to give [Hodge] time served." From this phrasing, the government argues, we can infer that the court knew it could have granted Hodge's request for a sentence below the statutory minimum. At best, though, this statement is ambiguous as to whether the district court knew it could have sentenced Hodge only to time served or it thought it lacked the discretion to do so.

In sum, the district court's silence on the applicability of the statutory safety valve precludes us from knowing whether it ignored, or considered and rejected, one of Hodge's principal mitigating arguments.

Hodge also argues more generally that the district court procedurally erred by failing to address the § 3553(a) factors. To the extent this includes the court's failure to engage with his safety valve argument, as discussed above, we agree. *See United States v. Barr*, 960 F.3d 906, 914 (7th Cir. 2020) (primary mitigation arguments are part of the § 3553(a) analysis). At the same time, beyond that gap in the explanation for the

---

[3] The government tries to distinguish *Castaneda* by arguing that the district court was not "confused" about the safety valve's application. Yet the sentencing court's confusion there was an independent ground to remand the sentence, not a necessary one. *See* 77 F.4th at 617 (discussing how the district court "appear[ed] not to have understood" the statutory safety valve and "failed to provide any explanation for its rejection of" it, ultimately concluding that "[e]ither error warrants reversal").

sentence, the court's brief statements were not procedurally inadequate. The court accounted for Hodge's good behavior while on bond, the primary driver of its below-Guidelines sentence. It concluded that this mitigating evidence was counterbalanced, though, by the high quantity of drugs involved in the conspiracy.

The court's analysis was accordingly not just a "rote statement that the judge considered all relevant factors," without discussing any factor particular to the defendant. *United States v. Lyons*, 733 F.3d 777, 785 (7th Cir. 2013) (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)). Instead, this individualized assessment was procedurally sound, considering multiple characteristics of the offense and Hodge personally. *See* 18 U.S.C. § 3553(a)(1)–(2)(A). As we have said repeatedly, district courts "need not march through 'every factor under § 3553(a) in a checklist manner.'" *United States v. Stephens*, 986 F.3d 1004, 1010 (7th Cir. 2021) (quoting *Barr*, 960 F.3d at 914).

Hodge's statutory safety valve argument could have been engaged with further. For that reason, we VACATE and REMAND for resentencing.[4]

---

[4] Because a procedural error was committed, we do not consider Hodge's challenge to the substantive reasonableness of his sentence. *United States v. Newton*, 76 F.4th 662, 675 (7th Cir. 2023).